**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 20, 2012

No. 11-50561
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE SANTILLAN DE LA CRUZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:11-CR-521-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Jorge Santillan De La Cruz (Santillan) pleaded guilty to attempted illegal reentry after deportation (8 U.S.C. § 1326) and making a false claim to United States citizenship (18 U.S.C. § 911). He was sentenced to 72 months of imprisonment and 36 months of imprisonment to run concurrently, and three years and one year of supervised release, also concurrent. Santillan challenges the substantive reasonableness of his sentence, arguing that his sentence is unreasonable because it is greater than necessary to achieve the sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

goals of 18 U.S.C. § 3553(a).  He contends that the illegal reentry Guideline, U.S.S.G. § 2L1.2, is not empirically based and double counts the defendant's criminal history.  He argues, in reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), that the presumption of reasonableness should not apply, but he concedes that his argument is foreclosed by *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009), and he raises the argument to preserve it for possible review by the Supreme Court.  He further argues that the guideline range overstated the seriousness of the offense, which was essentially a trespass, and failed to account for his benign motive for reentering, which was out of fear of being murdered in Juarez.

Because Santillan did not make any objections to his sentence or argue in the district court that his sentence was unreasonable, his arguments are reviewable only for plain error.  *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007) (requiring objection to substantive unreasonableness of sentence to preserve error).

As he so concedes, Santillan's argument that the presumption of reasonableness should not apply to his sentence because § 2L1.2 lacks empirical support has been rejected by this court. S*ee United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009) (rejecting the notion that this court should examine the empirical basis behind each Guideline before applying the presumption of reasonableness); *see also Mondragon-Santiago*, 564 F.3d at 366-67.  Santillan's argument that his guidelines range was greater than necessary to meet § 3553(a)'s goals as a result of "double counting" is unavailing.  The Guidelines provide for consideration of a prior conviction for both criminal history and the § 2L1.2 enhancement.  *See* § 2L1.2, comment. (n.6).  We have also rejected the argument that such double-counting necessarily renders a sentence unreasonable.  *See Duarte*, 569 F.3d at 529-31.  We have previously rejected the argument that illegal reentry is merely a trespass offense that is treated too

harshly under § 2L1.2. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court heard the arguments of Santillan and his counsel concerning his reasons for reentering the United States before imposing a sentence within the advisory guideline range. The district court considered Santillan's personal history and characteristics and the other statutory sentencing factors in § 3553(a), in particular Santillan's extensive criminal history, prior to imposing a sentence within the Guidelines. Santillan's within-guidelines sentence is entitled to a presumption of reasonableness. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Santillan has failed to show that the presumption should not apply. The district court did not abuse its discretion, much less plainly err, in imposing a sentence within the advisory guideline range. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007). Accordingly, the judgment of the district court is AFFIRMED.